## Kline *v.* Saint Mary of Czestochow Polish National Catholic Church, Appellant.

*Judgment—Opening judgment—Corporation—Religious congregation.*

A judgment entered against an incorporated religious congregation will not be opened where it appears that the note on which the judgment was entered was signed by the president and secretary of the corporation who had full authority to execute the note, and that the note was given for a valid consideration, and that the debt which it represented was due and unpaid.

Argued Feb. 27, 1907.    Appeal, No. 53, Jan. T., 1907, by defendant, from order of C. P. Luzerne Co., Oct. T., 1906, No. 167, discharging rule to open judgment in case of Daniel Kline v. Saint Mary of Czestochow Polish National Catholic Church of Plymouth.    Before RICE, P. J., PORTER, HENDERSON, ORLADY, HEAD and BEAVER, JJ.    Affirmed.

Rule to open judgment.

FERRIS, J., filed the following opinion:

The petition, answer and depositions present two questions for decision.  1. Were John Strojny, president, and Antoni Mazur, secretary, of the church committee on June 18, 1906, being the time they executed the note in question, and had they authority to sign the note?  2. Does the note represent a lawful, valid debt of the church?

If it appears, by the weight of the testimony, that Strojny and Mazur were such officers, duly authorized to so act at the time, and that there was a valid consideration, the judgment should stand.

By opinion filed March 15, 1906, dissolving the injunction, Judge WHEATON decided that St. Mary's Czestochow Polish National Catholic Church, John Strojny, Floryan Bieloglowicz, Anthony Mazur, John Mazur and Anthony Szerejko, officers and members of said church, were in possession of the church property and the office of president on December 18, 1905.

The weight of the testimony in the cause shows that there was a meeting of the congregation the evening of January 14,

1906, at which trustees were elected; Strojny was president, and Mazur secretary of the board of trustees, and that at the time the note was signed Strojny and Mazur had full authority to execute the note.

As to the indebtedness.

St. Mary's Church, with others, was defendant in a bill in equity in this court, and retained as counsel Messrs. Martin, Trescott and Butler to defend the cause. Being sucessful they charged for their professional services the sum of $800. Rev. Davidowski was at the time of the litigation pastor of said church. There is, due him, balance of unpaid salary, $440, and $65.00 expended for the church. The defendant church owed Mr. and Mrs. Strojny $235, making in all $1,540. This is the indebtedness for which Strojny and Mazur gave the judgment note in question.

It also appears by the depositions that the petitioner in this case is not a creditor of nor legally interested in the property or control of the church.

The note contains a commission of ten per cent. to be added for collection. We think, in the circumstances here shown, that five per cent. is sufficient.

We are convinced that the note in question was given for a valid consideration by persons who had lawful authority to execute and deliver it.

In the above-mentioned case in Equity No. 5, February Term, 1906, the plaintiffs averred that Strojny and Mazur were members and officers of that congregation. The attempt on the part of the petitioner to show the trustees first elected held office for life, and that a distinction between trustees and committee existed and was recognized by the congregation, has no foundation in fact.

The congregation, who it is shown has been in financial and other trouble since its organization in 1898, is divided into bitter factions, and have been and are fighting each other, dismissed the pastor, refused to recognize the authority of the alleged bishop, and now one faction attempts to repudiate the services of counsel rendered on behalf of the church.

The rule to open the judgment is discharged.

*Error assigned* was the order of the court.

*John H. Williams* and *G. J. Clark*, for appellants.

*Edmund G. Butler*, with him *Rush Trescott*, for appellee.

OPINION BY ORLADY, J., May 13, 1907:

The defendant church was incorporated by the court of common pleas of Luzerne county, and was the owner of considerable church property in Plymouth in that county. For some years the congregation has been divided into bitter factions, contending with each other as to their ecclesiastic and legal rights. The note on which this judgment was entered is dated June 18, 1906, signed by the corporation with its seal, by president, " John Strojny, Prezyd." and " Antoni Mazue, Secretary " with their respective seals, on which a judgment was regularly entered on the day following. The petition to open the same was presented by Frank Zjardowski, and after a full hearing on the rule granted to show cause, the court discharged the said rule, whereupon the petitioner and one Florian Bieloglovicz excepted thereto. Neither one of these exceptants is shown to be a party to the record; the appeal is taken by them, and the corporation as such is not participating in the appeal. The whole proceeding is so irregular that the appeal might well be quashed without giving further reasons therefor, but in the light of the full, careful and satisfactory opinion filed by the court below in discharging the rule we prefer to affirm the judgment. After the taking of testimony, when all parties had an opportunity of presenting their different contentions, it conclusively appeared that the president and secretary of the board of trustees, who in some instances are called committeemen and in others trustees, were the regularly elected and acting officers of the corporation, and had full authority to bind it by giving this note which was for a valid consideration, as representing honest debts of the corporation, and which were then due and unpaid. The order of the court in refusing to open the judgment was fully warranted by the testimony taken in the case.

We are also requested to impose the penalty provided by the Act of May 19, 1897, P. L. 67, viz.: " In all cases where the appellate court shall be of the opinion that the appeal was sued out merely for delay, it shall award as further costs

an additional attorney fee of $25.00, and damages at the rate of six per centum per annum in addition to legal interest." While this appeal is unquestionably a vexatious one, we feel that it was not taken for the mere purpose of delay owing to the contention of these litigants in regard to what they believed to be their interest in their church property, and we decline to make the order as requested of us.

The assignments of error are overruled, and the judgment is affirmed.